**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-01448-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Carlos Navarro-Cuevas, | |
| Defendant. | |

Pending before the Court is Carlos Navarro-Cuevas' ("Defendant") Motion *in Limine* of *Henthorn* Material of Government Agents ("Motion"). (Doc. 59). The Court now rules on the Motion.

## I. DISCUSSION

Under *U.S. v. Henthorn*, the government's duty to examine the personnel files of testifying officers arises upon a defendant's request for their production. 931 F.2d 29, 30-31 (9th Cir. 1991). Notwithstanding the use of an incorrect procedural vehicle, the Court chooses to treat Defendant's Motion as a Motion to Compel in which Defendant requests production under *Henthorn*.[1] To this extent, the Motion is granted. However, the Court will deny Defendant's Motion (Doc. 59) in part for the following reasons. First, to the extent that Defendant suggests the prosecution should review the personnel files of "all law enforcement agents involved in the case," the motion is denied without prejudice. *Henthorn* covers *testifying* law enforcement agents only. 931 F.2d at 30-31. Second, to

---

[1] In its response, the government makes clear that it is aware of, and will fully comply with, its review and disclosure obligations under *Henthorn*. (Doc. 64).

the extent that Defendant suggests that the prosecution is required to disclose "any favorable evidence" obtained, the motion is denied without prejudice. Under *Henthorn*, the prosecution is only obligated to furnish personnel files that contain information that is or may be *material* to the defendant's case. 931 F.2d at 30-31. Finally, to the extent that Defendant suggests the prosecution should automatically produce material to the court for an *in camera* inspection, the motion is denied without prejudice. "If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an *in camera* inspection and evaluation." *United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984).

## II.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Motion *in Limine* (Doc. 59) is **GRANTED** in part and **DENIED** in part.

Dated this 16th day of October, 2024.

James A. Teilborg
Senior United States District Judge